| | |
|---|---|
| Arapahoe County District Court<br>7325 S. Potomac Street<br>Centennial, CO 80112<br><br>**Sabia Hamza**<br><br>**v.**<br><br>**Costco Wholesale Corporation, a foreign company** | DATE FILED<br>May 22, 2026 12:02 PM<br>FILING ID: C11986CE1A32D<br>CASE NUMBER: 2026CV31401<br><br>**COURT USE ONLY** |
| Michael H. J. Born, #38464<br>Peter McCaffrey, #46740<br>Born & McCaffrey PC<br>4100 E Mississippi Ave.<br>Denver, CO 80246<br>michael@bornmclegal.com<br>peter@bornmclegal.com<br>Phone 303-800-6996<br>Fax 303-287-7535 | Case Number:<br><br>Division Courtroom |

**COMPLAINT AND JURY DEMAND**

The Plaintiff, Sabia Hamza, by and through undersigned counsel, for this Complaint against Defendant alleges and says as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is an individual and resident of Jefferson County, State of Colorado.
2. Upon information and belief, Defendant Costco Wholesale Corporation is a Washington corporation with a registered agent located at 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112, Arapahoe County, State of Colorado.
3. The incident giving rise to this action occurred in Jefferson County, State of Colorado.
4. Venue is proper in this County pursuant to C.R.C.P. 98(c). The Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

## GENERAL ALLEGATIONS

5. The incident giving rise to this action occurred on or about September 22, 2024.
6. Plaintiff Sabia Hamza fell on Defendant Costco Wholesale Corporation's property.
7. The fall took place in the parking lot of the Costco store located at 5195 Wadswoth Blvd., Arvada, CO 80002.
8. Plaintiff, after shopping at the store, was returning to her vehicle in the parking lot when she tripped on rebar sticking out of the asphalt.
9. This exposed rebar constitutes a dangerous condition of the property.
10. The following photo shows the condition of the parking lot:

11. 

12. Plaintiff was not negligent on the occasion in question.

13. Plaintiff has not failed to mitigate her damages.

14. Defendant is a landowner of the property where the incident occurred pursuant to C.R.S.13-21-115.

15. Defendant was responsible for maintaining property at the time of the incident.

16. Plaintiff was a business invitee at the time of the incident.

17. Defendant knew or should have known about the hazardous condition of the parking lot.

18. Moreover, this dangerous rebar was in or adjacent to the handicapped parking spaces.

19. Defendant failed to fix the rebar prior to Plaintiff's fall.

20. Upon information and belief, Defendant has a policy in place requiring periodic inspection of the parking lot.

21. Defendant failed to take reasonable care to make the premises safe or warn customers such as the Plaintiff of the danger of the poorly maintained parking lot.

22. Among other omissions, there were no cones or signs warning of the danger.

23. As a result of the actions of the Defendant, Plaintiff suffered injuries, damages and losses.

24. As a result of the actions of the Defendant, Plaintiff suffered economic damages, noneconomic damages and permanent impairment and disfigurement.

## FIRST CLAIM FOR RELIEF

***(Premises Liability under C.R.S. 13-21-115 against Costco Wholesale Corporation, a foreign company)***

25. Plaintiff hereby incorporates all prior allegations as though fully set forth herein.

26. Defendant expressly and impliedly invited Plaintiff onto its property.

27. Defendant had a duty to keep the property free from dangerous conditions and/or protect Plaintiff against the danger on the property and/or warn the Plaintiff of the dangerous condition.
28. Defendant did not take any precautions to prevent injuries to its customer, the Plaintiff., and knew, or should have known, that there was rebar sticking out of the asphalt in the parking lot and failed to warn invitees of its danger.
29. Plaintiff suffered substantial injuries from her fall.
30. There were no signs placed around the dangerous condition as described above, and no other precautions were taken by Defendant to alert Plaintiff to the existence of the dangerous condition.
31. Defendant knew, or should have known, of the existence of the rebar which caused the injury.
32. Defendant failed to exercise reasonable care to protect Plaintiff against the dangerous condition on its property.
33. Defendant failed to correct, remove, or warn Plaintiff of this danger.
34. Defendant's failure to exercise reasonable care to protect Plaintiff against this dangerous condition, was the proximate cause of this accident and of Plaintiff's resulting injuries.
35. As a direct and proximate result of Defendant's failure to protect Plaintiff from the dangerous condition, Plaintiff incurred substantial, serious and debilitating physical injuries, past, present and future physical pain and suffering, severe mental anguish, permanent injury, permanent disability, permanent impairment, loss of wages, loss of earning capacity, and loss of quality of, and enjoyment of, life. Accordingly, Plaintiff

seeks general and special damages from Defendant as a consequence of the injuries and damages she suffered as a result of Defendant failure to use reasonable care.

36. As a further direct and proximate result of Defendant failure to use reasonable care, Plaintiff incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, and other special damages and expenses. Plaintiff's damages are still accruing, and she will continue to incur other special damages and expenses far into the future, if not for the balance of her natural life. Accordingly, Plaintiff seeks economic and non-economic damages from Defendant both past and future, in an amount to be itemized at trial.

## SECOND CLAIM FOR RELIEF

***(Negligence against Defendant Costco Wholesale Corporation, a foreign company)***

37. Plaintiff hereby incorporates all prior allegations as though fully set forth herein.
38. Defendant had a duty to keep the property free from dangerous conditions and/or protect Plaintiff against the danger on the property and/or warn the Plaintiff and the public at large of the dangerous condition.
39. Defendant did not take any precautions to prevent injuries to Plaintiff or the public at large at the time of the incident or at a reasonable time leading up to the incident.
40. Defendant knew, or should have known, that conditions were treacherous and that there was rebar sticking out of the parking lot, and failed to warn invitees of the danger.
41. Plaintiff suffered substantial injuries from the fall.
42. There were no signs placed around the site, or other precautions taken by Defendant to alert Plaintiff to the existence of the dangerous condition created by the rebar, as described above.

43. Defendant knew, or should have known, of the existence of the rebar upon which Plaintiff fell.

44. Defendant failed to exercise reasonable care to protect Plaintiff against the dangerous condition on the property.

45. Defendant failed to correct, remove, or warn Plaintiff of this danger.

46. Defendant's negligence, in failing to exercise reasonable care to protect Plaintiff against this dangerous condition, was a proximate cause of this incident and of Plaintiff's resulting injuries.

47. As a direct and proximate result of Defendant's failure to act reasonably to ameliorate the dangerous condition, Plaintiff incurred substantial, serious and debilitating physical injuries, past, present and future physical pain and suffering, severe mental anguish, permanent injury, permanent disability, permanent impairment, loss of wages, loss of earning capacity, and loss of quality of, and enjoyment of, life. Accordingly, Plaintiff seeks general and special damages from Defendant as a consequence of the injuries and damages she suffered as a result of Defendant's failure to use reasonable care.

48. As a further direct and proximate result of Defendant's negligence, Plaintiff incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, and other special damages and expenses. Plaintiff's damages are still accruing, and he will continue to incur other special damages and expenses far into the future, if not for the balance of her natural life. Accordingly, Plaintiff seeks economic and non-economic damages from Defendant both past and future, in an amount to be itemized at trial.

**WHEREFORE**, Plaintiff requests the Court enter judgment against Defendant for all general damages, special damages, economic damages, noneconomic damages,

permanent impairment/disfigurement damages, aggravation of preexisting condition (if any), all statutory and necessary costs including, but not limited to, attorney's fees and costs, expert witness fees, expenses incurred in the investigation and discovery required to present Plaintiff's claims, pre- and post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just and appropriate under the circumstances.

**PLAINTIFF REQUESTS TRIAL OF ALL MATTERES HEREIN TO A JURY**

Respectfully Submitted this 22nd Day of May 2026.

BORN & MCCAFFREY, PC
*/s/Michael H. J. Born*
Michael H. J. Born, #38464

Plaintiff's Address:
Sabia Hamza
826 Union St., Apt B
Golden, CO 80401